25 cv 6105

Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
### (Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET.** See **Pro Se Privacy Notice** for further information.

*UNITED STATES DISTRICT COURT*
*FILED*
*FEB 18 2025*
*MARY... CLERK*
*...ERN DISTRICT OF NY*

## 1. CAPTION OF ACTION

**A.     Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each plaintiff** must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

Kestany Beverly lyndsy Guzzetta

-vs-

**B.     Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. Strong memorial Hospital          4. _____
2. Andrea, Rose, lynn, R.N.           5. _____
3. _____           6. _____

## 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
### *All of these sections **MUST** be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A.  Basis of Jurisdiction in Federal Court: _____

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B.  Reason for Venue in the Western District: _____

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C.  Nature of Suit: medical malpractice by violation of patient Confidentiality

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION   NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: Kestany Guzzetta

Present Address: 1121 Affinity lane, Rochester, NY, 14616

Name of Second Plaintiff:

Present Address:

**DEFENDANT'S INFORMATION   NOTE:** *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: Strong memorial Hospital

Official Position of Defendant (if relevant):

Address of Defendant: 601 Elmwood ave, Rochester, NY 14642

Name of Second Defendant: Andrea Rose Lynn

Official Position of Defendant (if relevant): R.N. at Strong memorial Hospital

Address of Defendant: 601 Elmwood ave, Rochester, NY, 14642

Name of Third Defendant:

Official Position of Defendant (if relevant):

Address of Defendant:

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.      Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?

Yes [ ]     No [✓]

If Yes, complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.      Name(s) of the parties to this other lawsuit:

Plaintiff(s):

Defendant(s):_____

_____

2.  Court (if federal court, name the district; if state court, name the county):_____

_____

3.  Docket or Index Number:_____

4.  Name of Judge to whom case was assigned:_____

5.  The approximate date the action was filed:_____

6.  What was the disposition of the case?

        Is it still pending?  Yes ☐  No ☐

        If not, give the approximate date it was resolved._____

      Disposition (check those statements which apply):

      ☐ Dismissed (check the statement which indicates why it was dismissed):

          ☐ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

          ☐ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

          ☐ By court due to your voluntary withdrawal of claim;

      ☐ Judgment upon motion or after trial entered for

          ☐ plaintiff
          ☐ defendant.

---

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action.  You **must** include a statement of the facts which you believe support each of your claims.  In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted.  Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial."  Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

**A.  FIRST CLAIM:**  On (*date of the incident*) September 11, 2024,
defendant (*give the **name and (if relevant) the position held** of **each defendant** involved in this incident*) Defendant, R.N. Andrea Rose Lynn Removed urine out of my Catheder bag to test it for drugs. The defendant

did the following to me (*briefly state what each defendant named above did*):

The defendant did this (Tested my urine) after plaintiff denied any drug screens for plaintiff and for plaintiffs newborn baby Taylynn Guzzetta. The defendant purposely tested my urine against my wishs and without my consent in efforts to give the results of said urine Screen to Monroe County Child Protective services, with the goal to have the plaintiffs newborn daughter taylynn Guzzetta Removed from plaintiffs care!

The federal basis for this claim is:

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

Plaintiff Requests damages in the amount of $1,500,000.00 to be paid to plaintiff and of anything other relief the court finds to be Just and proper

**B. SECOND CLAIM:** On (*date of the incident*) _____,

defendant (*give the name and (if relevant) position held of each defendant involved in this incident*) _____

did the following to me (*briefly state what each defendant named above did*): _____

The federal basis for this claim is: _____

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Plaintiff Requests Damages for pain and
Suffering in the amount of $1,500,000.00
with any other Relief the courts find to be
Just and proper

Do you want a **jury trial**? Yes ☐ No ☐

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _____
                    (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Signature(s) of Plaintiff(s)

TO THE UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NEW YORK

The complaint of the plaintiff, Kestany Guzzetta, respectfully shows and alleges as follows:

1. The plaintiff herein, Kestany Guzzetta, is a resident of the state of New York. Mrs. Guzzetta resides at 1121 affinity lane Rochester NY, 14616

2. The defendants herein, Strong Memorial Hospital, is the largest hospital in the plaintiff's region and the location where the plaintiff gave birth to a daughter Taylynn Thomas Guzzetta on September 11, 2024.

3. Plaintiff states that she has another daughter Knovalee Guzzetta she gave birth to on December 11, 2021, at highland hospital a much smaller less known hospital in the plaintiffs' region. Plaintiff also states that if she was not pressured into being induced and delivering Taylynn at strong memorial hospital, she would have chosen to deliver Taylynn at Highland hospital instead due to the unpleasant experience at Strong Memorial Hospital. Plaintiff also states that strong memorial hospital ignored all her wish's while in labor and plaintiff was treated very poorly during her labor at strong memorial hospital.

4. Plaintiff also states that plaintiff specifically denied any urine screens for plaintiff and for plaintiffs' newborn baby Taylynn Thomas Guzzetta. Plaintiff states while receiving an IV epidural medication to relieve labor pains, the plaintiffs acting nurse removed urine out of plaintiffs' catheter bag against plaintiff's wish's violating her right to privacy to test the plaintiff's urine. Plaintiff states that when asked the question of why plaintiffs nurse sampled plaintiffs' urine without plaintiffs' knowledge and against plaintiffs' consent, nurse explained a social worker in the hospital demanded plaintiffs' urine be tested and she had to test plaintiffs' urine because plaintiff received a controlled substance in the IV epidural medication. Plaintiff states that the nurse tested plaintiffs' urine without plaintiffs' consent or knowledge to give the results to an acting social worker at strong memorial hospital.

As a result of plaintiffs' urine being tested without plaintiffs' knowledge Monroe County child protective services denied plaintiff the right to take newborn daughter Taylynn Thomas Guzzetta home from the hospital on September 17, 2024. The right plaintiff would have had if defendant did not illegally test plaintiffs' urine September 11, 2024.

5. Plaintiff states that the pain and suffering the plaintiff endures daily because of the negligent acts of defendants and due to the defendant's failure to follow the plaintiffs right to privacy the plaintiff was denied the right to take newborn daughter Taylynn Thomas Guzzetta home from the hospital where she resides now happy and healthy and where she should have been since the day she left the hospital. Plaintiff also states that she was denied the right to take daughter Taylynn Thomas Guzzetta home for several weeks after Taylynns release from the hospital causing immense emotional distress, depression, and severe anxiety.

6. By reason of the facts and circumstances stated above, the defendants have violated the plaintiffs' civil rights through patient confidentiality, and discrimination defendants caused much pain and suffering to plaintiff when denied the opportunity to bring newborn baby from strong memorial hospital September 17, 2024, this is a once in a lifetime opportunity and it was Stolen from the plaintiff.

7. By reason of the facts and circumstances above, the plaintiff has been damaged by the defendants in the sum of $1,500,000.00
WHEREFORE, plaintiff demands judgement against defendant in the sum of $1,500,000.00, together with any other relief the court finds to be just and proper