UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KESTANY GUZZETTA,

                    Plaintiff,         **ATTORNEY DECLARATION**

    vs.                                  **Civil Action No. 25-cv-6105**

STRONG MEMORIAL HOSPITAL,
ANDREA ROSE LYNN, RN,

                    Defendants.

## DECLARATION OF AIMEE LaFEVER KOCH, ESQ. IN SUPPORT OF DEFENDANT UNIVERSITY OF ROCHESTER (inappropriately captioned as "Strong Memorial Hospital") and ANDREA ROSE LYNN, RN's MOTION FOR DISMISSAL

I, AIMEE LaFEVER KOCH, Esq., make this Declaration under penalties of perjury pursuant to 28 U.S.C § 1746 that the following is true and correct:

1. I am an attorney at law duly licensed to practice in the State of New York and the Western District of New York. I am a member of the firm Osborn, Reed & Burke, LLP., attorneys for Defendant UNIVERSITY OF ROCHESTER (inappropriately captioned as "Strong Memorial Hospital") and ANDREA ROSE LYNN, RN. As such, I am fully familiar with the facts and circumstances of this matter.

2. I provide this Declaration in support of Defendants' motion seeking dismissal of Plaintiff's Amended Complaint for failure to state a cause of action as to defendant in its entirety, with prejudice or in the alternative for an Order allowing the extension of time to Answer to the Complaint pursuant to Rule 6(b)1(B).

3. Attached as **Exhibit A** are true and accurate copies of Plaintiff's Complaints, filed on February 18, 2025 and February 21, 2025 in United Stated Western District Court.

1

4. Defendants are not government actors.

5. Urine testing was made after plaintiff volunteered that she had recently used methadone and cocaine. See pertinent medical records attached as **Exhibit B**.

6. No test results were reported to law enforcement.

7. Defendants are mandated reporters under New York Social Services Law § 413 and enjoy immunity for reports made under New York State law.

8. Plaintiff's admission to use of methadone and cocaine immediately proceeding labor and delivery of her infant required reporting to New York State Child Protective Services as a matter of law, with or without urine testing.

9. Urine testing was for medical purposes to properly assess, evaluate and treat plaintiff's potentially drug dependent infant.

10. There is no diversity of jurisdiction.

11. This matter does not involve a federal question.

12. Plaintiff has wholly failed to set forth any cause of action as against moving defendants based upon plausible facts.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on March 14, 2025 in Rochester, New York.

Dated: March 28, 2025

By: _____
Aimee LaFever Koch, Esq.
OSBORN, REED & BURKE, LLP
*Attorneys for Defendants*

2

120 Allens Creek Road, Suite 150
Rochester, New York 14618
(585) 454-6480


TO:   Kestany Guzzetta
      *Pro Se Plaintiff*
      1121 Affinity Lane
      Rochester, New York 14616