21-cv-6218
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM VAN WADE,

                              Plaintiffs,                   **MEMORANDUM OF LAW**

vs.                                                **Civil Action No. 21-cv-6218**

ST. PAUL BOULEVARD FIRE DISTRICT, ST. PAUL
BOULEVARD FIRE DEPARTMENT, BARRY
LAMENDOLA, JAY DEWITT, BILL DYRLAND, ED
RILEY and JAMES TURNER,

                              Defendants.

## PRELIMINARY STATEMENT

The following Memorandum of Law is submitted on behalf of Defendants University of Rochester (inappropriately captioned as "Strong Memorial Hospital") and Andrea Rose Lynn, RN (collectively "moving defendants") in support of their pre-answer motion to dismiss the Compliant of Plaintiff, Kestany Guzzetta, in its entirety and with prejudice pursuant to Fed. R. Civ. P. 12(b) (5) and (6).

## PLAINTIFF'S ALLEGATIONS AND UNDISPUTED FACTS

Plaintiff, a private citizen, has asserted claims against the University of Rochester and its employee Andrea Rose Lynn, RN allegedly involved in the deprivation of plaintiff's privacy rights. The Complaint involves a claim that during the labor and delivery of Ms. Guzzetta's infant child on September 11, 2024 that her "privacy rights" were violated because urine was taken from her catheter collection bag to test for drugs after Ms. Guzzetta admitted to use of methadone and cocaine immediately before her labor and delivery. Such testing of urine was undertaken relative to the treatment of her drug dependent infant and predicated on plaintiff's

1

voluntary admission of recent drug use. The test was therefore based on medical reasons given plaintiff's identification of recent drug use and not for reasons of law enforcement. No referral to law enforcement was made.

Ms. Guzzetta alleges in her original Complaint that her privacy rights under 18 USC §2702 were violated by defendants in testing her urine without her express notice and consent. In her amended Complaint, Ms. Guzzetta makes no statement as to the legal basis for the privacy right she alleges was violated.

## ARGUMENT

## STANDARD OF REVIEW

The Court, in addressing a motion to dismiss at the pleading stage for failure to state a claim, must accept all factual allegations in the Complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff. *McGinty v. State of New York*, 193 F.3d 64 (2d Cir. 1999). At the pleading stage, a plaintiff must provide at a minimum, a statement which gives the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002). The Federal pleading standard demands more than "an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For a Complaint to survive a motion to dismiss, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If, instead, the complaint "pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief, an order of dismissal for failure to state a cause of action is warranted." *Id.*

A District Court evaluating a motion to dismiss a plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) must apply a two-pronged approach to determine if the plausibility standard has been met. *See, Desabio v. Howmedica Osteonics Corp.*, 817 F. Supp.2d 197 (W.D.N.Y. 2011). The Court must first "identify pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth." *Ashcroft*, 556 US at 679. Any "conclusory allegations, labels, and legal conclusions" must be "identified and stripped away". *Desabio*, 817 F. Supp.2d at 200. Second, the court must assume the truthfulness of the "well-pleaded factual allegations" and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679.

In applying the two-pronged approach to this matter, it is respectfully submitted that plaintiff has failed to state a claim which plausibly gives rise to an entitlement to relief as to the moving defendants.

## POINT I
## THE COMPLAINT MUST BE DISMISSED BECAUSE THERE IS NO FEDERAL QUESTION

The plaintiff has brought this action against the University of Rochester and Andrea Rose Lynn, RN. All parties reside in New York and therefore jurisdiction cannot be maintained on diversity. The University of Rochester and Andrea Rose Lynn, RN are not government actors. Finally, no Federal right has been properly asserted in the Complaint as the basis for jurisdiction.

3

## POINT II

## THE COMPLAINT MUST BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff claims that her rights have been violated pursuant to 18 USC §2702. This statute is not applicable to any of the allegations raised in plaintiff's Complaint. The statute involves the disclosure of electronic communications of customers. It does not address medical records, information and/or procedures.

To the extent that plaintiff may be claiming a violation of privacy rights under HIPAA, the Complaint must similarly be dismissed. The Health Insurance Portability and Accountability Act of 1996 does not carry with it a private right of recovery. Even if plaintiff can make a prima facie demonstration that HIPAA was violated, there is no damage award that can be made to her. It is well established that violations of these statutes do not carry with them a private right of recovery. *Konkur v Utica Academy of Science Charter School,* 38 NY.3d 38 [2022], holding that a creation of a private right of recovery would not be consistent with the legislative scheme behind the cited statute. See, also, *Howell v City of New York,* 39 NY.3d 1006 [2022]; *Martinez v Albubon, Ltd.,* 111 AD.3d 500 (1st Dept, 2013).

## POINT III

## THE PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER 42 U.S.C § 1983

**The Complaint fails to allege facts showing that the Defendants have deprived Plaintiff of any right which is protected by the United States Constitution**

To be able to succeed on a claim under 42 U.S.C § 1983, a plaintiff must plead facts capable of showing (1) that he or she has been deprived of a federal right by (2) a person acting under color of state law. *See Velez v. Levy,* 401 F.3d 75, 84 (2d Cir. 2005). In the instant case, there is no pleading of any Section 1983 claim is predicated on alleged violations of the United

4

States Constitution. The defendants, University of Rochester and Andrea Rose Lynn, RN are private actors. There is no allegation in the Complaint that they acted under color of state law. While there is an allegation that Child Protective Services was alerted to the infant's drug dependency, that act was not done in the guise of state actor, but rather as a mandated reported as required by New York State law Social Services §413 and after the plaintiff had voluntarily advised defendants that she had recently used methadone and cocaine. The defendant did not make any report to law enforcement. Testing of urine is not prohibited in New York State and not prohibited by private actors under Federal caselaw for medical treatment purposes. *Ferguson v City of Charleston*, 532 US 67 [2001]. *See also, Kia P. V McIntyre*, 2 F.Supp.2d (EDNY, 1998).

While plaintiff impliedly alleges that defendants have violated her privacy rights, she does not identify a deprivation of any federal right protected by the Constitution. Plaintiff's Complaint therefore fails to state a plausible claim and must therefore be dismissed on this Fed. R. Civ. P. 12(b)(6) motion.

## POINT IV

### THE DEFENDANTS ENJOY IMMUNITY UNDER NEW YORK STATE LAW

The defendants are entitled to immunity from any liability for their good faith compliance with the reporting requirements of New York State Social Services Law § 413 pursuant to Social Services Law § 419. There is no demonstration in plaintiff's complaint that the actions taken on part of the defendants was either willful misconduct or gross negligence. This is a required demonstration to maintain any cause of action pursuant to Social Services Law § 419. See Generally *Selapick v. Iroquois Central School District*, 17 A.D.3d 1169, 1170 (4th Dept. 2005). In the recent Fourth Department matter of *Laura K. v. Jaros and Kaleida Health*, 234 A.D.3d

1336 (4th Dept. 2025) the Appellant Division affirmed the lower court's dismissal of a complaint as, where here, the mother sued to recover damages allegedly resulting from a report to child protective services of suspected neglect of the infant daughter due to presumptive positive results of a drug test while in the hospital. The Fourth Department recognized the hospital and healthcare providers responsibility to report suspicion of presumptively positive results of a drug test for the newborn daughter where the mother had engaged in drug use. As the institution and provider are mandated reporters, their reporting was made in good faith and not actionable as either willful misconduct or gross negligence.

Given the foregoing, plaintiff may not maintain this cause of action without some demonstration of willful misconduct or gross negligence. Here, Ms. Guzzetta had admitted to recent drug use as demonstrated in the medical record. The hospital and providers actions to test urine under those circumstances and follow through on their responsibility to make report to social services is inherently done in good faith.

## CONCLUSION

Wherefore, the moving defendants respectfully submit that plaintiff has wholly failed to state any cause of action against the moving defendants that the Complaint must be dismissed as a matter of law, with prejudice.

DATED: March 28, 2025

Aimee LaFever Koch, Esq.