# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

KESTANY GUZZETTA,

Plaintiff,

VS,

STRONG MEMORIAL HOSPITAL,

ANDREAROSE LYNN Rose

Defendants.

PLAINTIF DECLARATION

Civil Action No. 25-cv-6105

**PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO DISMISS DECLARATION OF KESTANY GUZZETTA**

1. I Kestany Guzzetta plaintiff in this case and representing myself. I am the victim in this matter, and I am only looking for those that violated me at University of Rochester, Strong Memorial Hospital answer for violating my rights and colluding with Monroe County Department Of Human Services to have my newborn daughter T.T.G. born 9/11/2024 removed from my care.
2. I provide this declaration in support of my complaint that while giving birth to my daughter T.T.G Andrea Lynn Rose a registered nurse that was working under color of law for university of Rochester strong memorial hospital breached her duty of care 42 U.S. code 1983 when testing the plaintiffs urine and lying to social worker and Monroe County Child Protective Services stating that "THE PLAINTIFF AND **THE PLAINTIFFS NEWBORN DAUGHTER T.T.G. BOTH TESTED POSATIVE FOR COCAINE**"!
3. Attached is exhibit A which answers defendants motion 4-6 which is a true and accurate copy of the phone call between defendant Andrea Lynn Rose and a reporter from Monroe County Department of Human Services on 9/11/2024 which clearly shows that the defendant gave knowingly false information to M.C.D.H.S a Government agency achieving their goal of having the plaintiffs 2 children K.A.G 12/11/2021 and T.T.G 9/11/2024 removed from the plaintiffs care.
4. In response to 7 in defendants' motion to dismiss, there is no law stating that hospital staff is mandated to share an adults personal medical information with Monroe County Department of Human Services. In exhibit A I show that the defendant clearly knowingly made a false report to M.C.D.H.S which is a class A

misdemeanor criminal offense and huge liability that had a juristic impact on the plaintiff's family.

5. In response to 8-9 of the defendant's motion to dismiss, under both NY law and general medical ethics collection of any bodily fluids like urine requires informed consent from plaintiff. Drug testing without consent may violate the plaintiffs Fourth amendment right, also violates HIPAA law if the results are disclosed improperly. Ferguson V. City of Charleston, 532 U.S 67(2001). The U.S supreme court ruled that non consensual drug testing of pregnant women in a public hospital for law enforcement purposes this means that even if drug use is admitted a hospital can does not test or report without informed consent unless there is a valid warrant, court order, or a medical emergency.

6. In response to 10-12 in the defendants' motion to dismiss. Although this may seem like a small situation the pain and suffering the plaintiff and the plaintiff's family endured due to being all separated for an entire month was enormous. Plaintiffs' child K.G. now suffers from severe separation anxiety and is undergoing treatment for that and several other traumas brought on by separation from parents. The amount of damages that the plaintiff is seeking is two million dollars and the fact that the defendants colluded with M.C.D.H.S in efforts to have the plaintiff's children removed from care making this a federal question.

7. Attached is exhibit B which is a true and accurate copy of the plaintiff's plan of care written by her labor and delivery doctor Melissa Chima. This proves that defendant Andrea Lynn Rose worked under her own color of law when removing urine from plaintiff's catheter bag testing it for drugs then colluded with Strong memorial hospital department of social work in efforts to have the plaintiff's newborn daughter T.G. removed from the plaintiff's care.

8. Attached is exhibit C which is a true and accurate copy of the investigation done by patient relations a department of strong hospital that investigates complaints from patients. You can read in paragraph 1 that they claim to have had plaintiffs' consent for this urine screen. However, the opposing counsel states that U of R Strong memorial hospital did not need any urine screen or consent for any urine screen because plaintiff already admitted to using cocaine on a date prior to the plaintiff's hospital visit. Nonetheless there was no way for the defendants to accomplish their goal of having the plaintiffs' children removed without illegally and unethically taking the plaintiffs urine without the plaintiff's consent or knowledge and testing it for drugs, and then passing those results to M.C.D.H.S. without obtaining the plaintiffs consent.

Accordingly, Plaintiffs claims of violation of privacy, breach of medical duty, and constitutional rights are well grounded in law and fact, and defendants motion to dismiss should be denied. Additionally, in the interest of judicial economy and resolution of this matter in a less adversarial manor, plaintiff respectfully request that this court refer the parties to mediation.

I declare under penalty and perjury that the foregoing is true and correct and that this declaration was executed on May 12, 2025 in Rochester New York.

Dated: May 12, 2025                                                By: kestany Guzzetta

*Kestay Hyatt*
1121 Affinity lane
Rochester NY, 14616

Revised 05/01 WDNY

# CERTIFCATE OF SERVICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Kestany Guzzetta
v.
Strong Memorial Hospital
Andrea Lynn Rose

Plaintiff(s),

Defendant(s).

CERTIFICATE OF SERVICE

25 -CV- 6105

I, (print your name) Kestany Guzzetta, served a copy of the attached papers (state the name of your papers) Response to defendants motion to dismiss

upon all other parties in this case by mailing ✓ by hand-delivering ☐ (check the method you used)

these documents to the following persons (list the names and addresses of the people you served) Aimee Lafever Koch
Osborn, Reed & Burke, LLP
120 Allens Creek Rd
Suite 160 Rochester NY 14618

Andrea Lynn Rose R.N.
Aimee Lafever Koch
Osborn, Reed, Burke, LLP
120 Allens Creek Rd

on (date service was made) _____

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

Executed on 5/13/2025
(date)

(your signature)