UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KESTANY BEVERLY LYNDSY GUZZETTA,

                                    Plaintiff          25-CV-6105-FPG

v.
                                                       DECISION & ORDER

STRONG MEMORIAL HOSPITAL &
ANDREA ROSE LYNN, R.N.,

                                    Defendants.

## INTRODUCTION

*Pro se* Plaintiff Kestany Beverly Lyndsy Guzzetta brings this civil rights action against Defendants Strong Memorial Hospital and Andrea Rose Lynn. ECF No. 3. Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Plaintiff opposes the motion. ECF No. 10. Additionally, Plaintiff has moved to amend her complaint, ECF No. 12, for summary judgment, ECF No. 14, to strike her medical records from the record, ECF No. 13, and for sanctions against Defendants' attorney, ECF Nos. 16, 27. In response to Plaintiff's motion for sanctions, Defendants filed a cross-motion seeking fees and costs. ECF No. 20. For the reasons that follow, Defendants' motion to dismiss (ECF No. 5) is GRANTED, and Plaintiff's motion to amend her complaint (ECF No. 12) is GRANTED as to her claims under 42 U.S.C. § 1983. All other motions (ECF Nos. 13, 14, 16, 20, 27) are DENIED.

## BACKGROUND

Plaintiff alleges that on September 11, 2024, she gave birth to a daughter at Strong Memorial Hospital in Rochester, New York.[1] ECF No. 10 at 1. She claims that while she was in

---

[1] The facts in this section are taken from Plaintiff's amended complaint (ECF No. 3) and Plaintiff's opposition to the motion to dismiss (ECF No. 10). *See Planck v. Schenectady Cnty.*, No. 12-CV-0336, 2012 WL 1977972, at *5

the middle of intense labor, Defendant Andrea Rose Lynn, a registered nurse employed by the hospital, took urine out of her catheter bag to test it for drugs. ECF No. 3 at 3–4. Plaintiff maintains that the urine was taken against her wishes and without her consent. *Id.* at 4. Plaintiff further maintains that she specifically denied any urine screens and made a plan of care with her doctor that stated that no urine screens were required for Plaintiff. *Id.* Plaintiff alleges that Lynn colluded with a social worker and performed the urine screen to have Plaintiff's newborn daughter removed from her care. *Id.* Plaintiff also alleges that Lynn told the social worker that Plaintiff and her newborn baby had tested positive for cocaine, which was untrue. ECF No. 10 at 1.

On February 18, 2025, Plaintiff brought the present action in this Court. ECF No. 1. She then amended her complaint on February 28, 2025. ECF No. 3. In her amended complaint, Plaintiff alleges that Defendants violated her constitutional rights by (1) informing a social worker and Monroe County Child Protective Services ("CPS") that Plaintiff and her baby tested positive for cocaine; (2) colluding with a social worker to perform a urine screen to have Plaintiff's baby removed from her care; and (3) drug testing her without her consent. ECF No. 3.

## DISCUSSION

Defendants move to dismiss. ECF No. 5. Plaintiff moves to amend her complaint, ECF No. 12, for summary judgment, ECF No. 14, to strike her medical records from the record, ECF No. 13, and for sanctions against Defendants' attorney, ECF Nos. 16, 27. In response to Plaintiff's motion for sanctions (ECF No. 16), Defendants filed a cross-motion seeking fees and costs. ECF No. 20. The Court discusses each of the pending motions below.

---

(N.D.N.Y. June 1, 2012) (explaining that a *pro se* plaintiff's response to a defendant's motion to dismiss may be considered as effectively amending the allegations of the complaint so long as it is consistent with the allegations in the complaint).

I.      **Defendants' Motion to Dismiss**

   a.   **Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court deciding a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination regarding "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Although Plaintiff's factual allegations set forth in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Second Circuit has recognized that "this plausibility standard governs claims brought even by *pro se* litigants." *Robles v. Bleau*, No. 07-CV-0464, 2008 WL 4693153, at *5 (N.D.N.Y. Oct. 22, 2008) (citing, e.g., *Jacobs v. Mostow*, 271 F. App'x 85, 87 (2d Cir. 2008), and *Boykin v.*

*KeyCorp*, 521 F.3d 202, 215–16 (2d Cir. 2008)). However, the Court remains mindful that a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (additional internal quotation marks omitted)).

For purposes of a motion to dismiss, a complaint is deemed to include "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). The Court may also review any "documents that plaintiff[ ] either possessed or knew about and upon which [she] relied in bringing the [action]." *Id.*

### b. Defendants' Motion

Defendants make four arguments as to why Plaintiff's claim should be dismissed. The Court discusses each below.

### i. Subject Matter Jurisdiction

First, Defendants argue that this Court does not have subject matter jurisdiction over the action. ECF No. 5-2 at 3. Defendants maintain that Plaintiff has failed to identify a federal question that can be the basis for subject matter jurisdiction and that there is no diversity of citizenship. *Id.* The Court rejects this argument. While Plaintiff does not explicitly cite 42 U.S.C. § 1983 as the basis for her claim, liberally construing her complaint—as the Court must do for all documents field by *pro se* litigants—Plaintiff has alleged that Defendants violated 42 U.S.C. § 1983. *See Boykin*, 521 F.3d at 214. Specifically, the Court construes Plaintiff's complaint as alleging that

Defendants (1) violated her rights under the Fourth Amendment to the Constitution by drug testing her without her consent in violation of 42 U.S.C. § 1983 and (2) violated her constitutional rights by contributing to the detention of her daughter by CPS in violation of 42 U.S.C. § 1983. *See* ECF No. 3. Because the Court construes Plaintiff's claim as arising under 42 U.S.C. § 1983—a federal law—it concludes that it has subject matter jurisdiction over the claim. *See* 28 U.S. Code § 1331.

### ii.    18 U.S.C. § 2702 and HIPPA

Second, Defendants argue that Plaintiff has failed to state a claim because she has brought the claims pursuant to two statutes that cannot provide a basis for relief. ECF No. 5-2 at 4. Specifically, they argue that if she brought this claim pursuant to 18 U.S.C. § 2702, which she suggested in her original complaint, then that statute is not applicable because it is only relevant for the disclosure of electronic communications of customers. *Id.* Defendants also argue that to the extent Plaintiff is alleging that Defendants violated her rights under the Health Insurance Portability and Accountability Act ("HIPPA"), she has failed to state claim because HIPPA provides no provide right of recovery. *Id.*

The Court agrees with Defendants that to the extent that Plaintiff is raising claims under 18 U.S.C. § 2702 or HIPPA, those claims must be dismissed with prejudice. As for 18 U.S.C. § 2702, that statute relates to voluntary disclosure of electronic communications or records by persons or entities who provide electronic communications services to the public. Plaintiff's allegations do not relate to disclosure of electronic communications by such a person or entity and thus, 18 U.S.C. § 2702 is not applicable for her claim. As for HIPPA, the statute does not create a private right of action, meaning that this Court cannot provide any relief or monetary compensation for HIPPA violations. *Meadows v. United Services, Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). Consequently, Plaintiff cannot assert a claim pursuant to 18 U.S.C. § 2702 or HIPPA.

### iii.    State Law Immunity

Third, Defendants argue that they are entitled to immunity for their good faith compliance with the reporting requirements of New York State Social Services Law § 413 pursuant to New York State Social Services Law § 419. However, "the determination of the immunity to be accorded in a section 1983 suit is entirely a question of federal law." *Bellet v. City of Buffalo*, No. 03-CV-27, 2009 WL 2930464, at *6 (Sept. 11, 2009) (quotation omitted). Therefore, the immunity afforded by § 419 does not apply to federal claims pursuant to § 1983. *Id.*; *see also Howlett by and through Howlett v. Rose*, 496 U.S. 356, 376 (1990) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law."). As such, there is no merit to Defendant's argument that § 419 shields them from liability in this case.

### iv.    42 U.S.C. § 1983

Finally, Defendants argue that Plaintiff has failed to state a claim under 42 U.S.C. § 1983. ECF No. 5-2 at 4. Specifically, they argue that both Defendants are private actors and that there is no allegation that they acted under color of state law. *Id.* at 5.

To state a valid claim under 42 U.S.C. § 1983, "the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). Therefore, 42 U.S.C. § 1983 generally applies to public officers, not private citizens. *Kurtz v. Hansell*, No. 20 Civ. 3401, 2021 WL 1143619, at *9 (S.D.N.Y. Mar. 14, 2021). Nevertheless, "in certain circumstances, private actors can be considered to have acted 'under color of state law.'" *Id.* One such circumstance is when a traditionally private entity is acting as "reporting and enforcement machinery for [ ] a government agency charged with detection and prevention of child abuse and neglect." *Kia P. v.*

*McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000), *cert. denied*, *Kia P. ex rel. Mora P. v. New York City*, 534 U.S. 820 (2001).

In *Kia P.*, the parents of a newborn baby brought a claim under 42 U.S.C. § 1983 against a private hospital for retaining their newborn after the baby's mother was released. *Id.* at 751–53. In that case, the baby had tested positive for methadone and exhibited methadone withdrawal symptoms. *Id.* at 752. As a result, a hospital social worker notified the local Child Welfare Administration ("CWA"), which began an investigation. *Id.* Approximately one week later, the hospital received negative test results from a second methadone test and that same day, the baby was medically cleared for release. *Id.* at 753. Nevertheless, the hospital did not release the baby until a few days later, when it learned that CWA was not going to seek custody of the newborn. *Id.* In that case, the Second Circuit concluded that retaining the baby when she was not medically cleared to be released did not render the hospital a state actor. *Id.* at 756–57. However, once the baby received medical clearance and was not released, the hospital was acting as both "reporting and enforcement machinery for CWA" and thus was a state actor subject to § 1983 liability. *Id.*

As other courts have noted, *Kia P.* "turns on the pivotal fact that the hospital retained the newborn even after the newborn received medical clearance for release." *J.C. v. Mark Country Day Sch.*, No. 03 Civ. 1414, 2007 WL 201163, at *2 (E.D.N.Y. Jan. 23, 2007). Therefore, when a hospital and its employees become both "reporting *and* [emphasis added] enforcement machinery," they are state actors for the purposes of 42 U.S.C. § 1983. *Id.* (quotation omitted). However, where private actors have done nothing more than report suspected abuse to authorities, courts have repeatedly found that such reports do not constitute state action. *Id.* at *3 (holding that there was no state action where doctors did nothing more than report an incident to CPS); *Deckon v. Chidebere*, No. 93 Civ. 7965, 1995 WL 555684, at * 3–4 (S.D.N.Y. Sept. 19, 1995) (holding

that there was no state action where a hospital reported suspected child abuse to a government agency after a newborn baby tested positive for cocaine and retained the baby because she did not meet minimum weight requirements for discharge); *Kurt*, 2021 WL 1143619, at *9 (holding that reporting suspected child abuse alone does not constitute state action). This remains true even if a private actor makes a report that she knows to be false. *Kurt*, 2021 WL 1143619, at *11 (collecting cases).

In this case, Plaintiff alleges that Defendants violated her Fourth Amendment rights by drug testing her without her consent. ECF No. 3 at 4. This claim fails because Plaintiff has failed to allege state action, which is an essential element of any claim under 42 U.S.C. § 1983. Plaintiff cites to *Ferguson v. City of Charleston* to support her claim. 532 U.S. 67 (2001). In *Ferguson,* the Supreme Court held that a hospital's policy of drug testing pregnant women and reporting the results to law enforcement constituted a search under the Fourth Amendment. *Id.* at 76. In that case, the hospital was subject to the strictures of the Fourth Amendment because it was a state hospital. *Id.* Here, Defendants are a private hospital and its employee. Therefore, in the context of the instant case, to plead state action, Plaintiff would need to plausibly allege that Defendants took actions, which made them a part of both the "reporting and enforcement machinery" for CPS. *See Kia P.*, 235 F.3d at 756–57. In *Kia P.*, that action was detaining the baby when there was no medical reason to do so, which the Second Circuit concluded was sufficient to allege state action. *Id.* Thus, in this case, to satisfy the state action requirement, Plaintiff would need to allege facts that demonstrate that the drug test was done solely for the purpose of reporting the results to CPS and not for any medical reason. *See id.* Plaintiff has failed to do so in her complaint and thus has failed to state a claim.

Plaintiff also alleges that Defendants violated her rights by informing a social worker and CPS that Plaintiff and the baby tested positive for cocaine, which she alleges was untrue, and by colluding with a social worker to perform a urine screen to have Plaintiff's baby removed from her care. ECF No. 3 at 4; ECF No. 10 at 1. It is unclear to the Court what constitutional amendment Plaintiff is alleging Defendants violated as to these claims, and in any amended complaint, Plaintiff must identify which of her constitutional rights Defendants allegedly violated.[2] Nevertheless, for the reasons discussed below, Plaintiff has failed to state claim as to these allegations as well.

Regarding Plaintiff's allegation that Defendants lied to a social worker and CPS by reporting that Plaintiff and the baby tested positive for cocaine, Plaintiff's claim fails because she has failed to allege state action. As the Court explained above, for Plaintiff to satisfy the state action requirement, Plaintiff must plausibly allege that Defendants took action beyond merely reporting the results of the urine screen, which would make them a part of both the "reporting and enforcement machinery" for CPS. *See Kia P.*, 235 F.3d at 756–57. Here, Plaintiff simply alleges that Defendants reported the results of the urine screen to a social worker and CPS and that the report was untrue. *See* ECF No. 10 at 1. Such allegations are insufficient to plead state action. *See Kurt*, 2021 WL 1143619, at *11. Therefore, Plaintiff's claim as pleaded fails to state a claim.

As for her final claim, Plaintiff alleges nothing more than that "Andrea Rose Lynn colluded with a social worker and performed said urine screen to have plaintiff's newborn baby removed from care." ECF No. 3 at 4. This conclusory statement is insufficient to state claim. *Alfaro Motors,*

---

[2] The Court has construed these claims as alleging that Defendants violated Plaintiff's constitutional rights by contributing to the detention of her daughter by CPS. To the extent that Plaintiff is alleging that Defendants violated her rights by contributing to the detention of her child in the absence of adequate procedural safeguards, that would constitute a procedural due process claim under the Fifth Amendment. *See Kia P.*, 235 F.3d at 759. To the extent that Plaintiff is alleging that Defendants violated her constitutionally protected liberty interest in having custody of her daughter by contributing to the detention of her newborn without a "reasonable basis" or "without any reasonable justification in the service of a legitimate governmental objective," that would constitute a substantive due process claim brought pursuant to the Fourteenth Amendment. *Id.*

*Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987) (holding that allegations that amount to "nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983"). In order to state a claim under 42 U.S.C. § 1983, instead of stating that Defendants colluded with a social worker, Plaintiff would need to allege facts that demonstrate that Defendants colluded with a social worker. Further, Plaintiff's complaint fails to allege state action as to this claim as well. As explained in *Kia P.*, for Plaintiff's specific claim, to satisfy the state action requirement, she would need to allege facts that demonstrate that the urine screen was done solely for the purpose of causing CPS to remove Plaintiff's child and not for any medical reason. *See Kia P.*, 235 F.3d at 756–57. As such, this claim as pleaded fails to state a claim.

### c. Leave to Amend

In this case, Plaintiff has moved to amend her complaint. ECF No. 12. Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted). The Court, however, is not required to grant Plaintiff leave to amend if amendment would be futile, in that "it appears beyond doubt that the plaintiff can plead no set of facts that would entitle [her] to relief." *Moss v. BMO Harris Bank, N.A.*, 258 F. Supp. 3d 289, 312 (E.D.N.Y. 2017) (quoting *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)).

Here, as the Court explained above, Plaintiff's complaint as pleaded fails to state a claim. To the extent Plaintiff is raising claims under 18 U.S.C. § 2702 or HIPPA, those claims are dismissed with prejudice because Plaintiff is not entitled to relief under those statutes and any amendment as to those claims would be futile. However, as to Plaintiff's claims under 42 U.S.C. § 1983, the Court cannot conclude that it is beyond a doubt that Plaintiff would be unable to plead

a set of facts that would entitle her to relief. As such, the Court dismisses Plaintiff's claims under

42 U.S.C. § 1983 without prejudice and grants her leave to amend her complaint as to those claims.

Plaintiff is advised that an amended complaint **completely replaces** the prior complaint in the

action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*,

556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128

(2d Cir. 1994). Thus, any amended complaint **must include all allegations against each

Defendant so that the amended complaint stands alone as the only complaint that Defendants

must answer in this action**. Additionally, in any amended complaint, Plaintiff must identify the

constitutional amendment that she alleges Defendants violated as to each claim.

## II.    Plaintiff's Motion for Summary Judgment

Because the Court has granted Defendant's motion to dismiss, Plaintiff's motion for

summary judgment (ECF No. 14) is denied as moot.

## III.    Plaintiff's Motion to Strike Medical Records

Plaintiff moves to strike her medical records from Defendant's motion to dismiss on the

basis that 42 U.S.C. 220dd-2 and 42 C.F.R. 2 prevent Defendants from disclosing her substance

abuse records without her consent. ECF No. 13 at 1. The provisions cited by Plaintiff only prevent

the disclosure of records maintained in connection "with the performance of any program or

activity relating to substance use disorder education, prevention, training, treatment, rehabilitation,

or research, which is conducted, regulated, or directly or indirectly assisted by any department or

agency of the United States." 42 U.S.C. § 290dd-2(a). Therefore, they do not prevent Defendants

from disclosing such records in this case. As such, Plaintiff's motion to strike is denied.

## IV.    Plaintiff's Motion for Sanctions

Plaintiff has moved for sanctions, arguing that Defendants' counsel acquired and disclosed her medical records in violation of New York Public Health Law § 2782 and § 2135, NY HIPA, HIPPA, and her fundamental right to privacy. ECF No. 27 at 1; ECF No. 16 at 2. Defendants submitted Plaintiff's medical records related to the delivery of her baby as an exhibit to their motion to dismiss. *See* ECF No. 5-4. Because Plaintiff's motion relates to the care she received at the hospital and what happened at the hospital during the delivery of her baby, those records are relevant to the case. Further, on a motion to dismiss, the Court may review any "documents that plaintiff[ ] either possessed or knew about and upon which [she] relied in bringing the [action]." *Rothman,* 220 F.3d at 88. Here, Plaintiff at least knew about the existence of these records and relied upon them in bringing this action. As the medical records are relevant to the case and can be properly considered as part of Defendants' motion to dismiss, the Court declines to impose sanctions.

Nevertheless, the Court understands why Plaintiff would not want her medical records filed on the publicly available docket. Accordingly, the Court has sealed those records, making them inaccessible to the public. Additionally, in any future filing in which Defendants wish to submit Plaintiff's medical records, the Court orders that Defendants submit such records under seal. The Court believes that sealing these records adequately addresses the concerns raised by Plaintiff, and therefore, Plaintiff's motions for sanctions are denied.

## V.    Defendants' Cross-motion for Fees and Costs

Finally, Defendants have filed a cross-motion for fees and costs pursuant to Federal Rule of Civil Procedure 11. ECF No. 20. Defendants argue that Plaintiff's motion for sanctions (ECF No. 16) is frivolous and thus sanctionable under Rule 11. *Id.* at 1. "When deciding whether to grant

Rule 11 sanctions, the Court applies an objective standard of reasonableness, and looks to, among other factors, whether the party acted in bad faith; whether they relied on a direct falsehood; and whether the claim was utterly lacking in support." *Benitez v. King*, 298 F. Supp. 3d 530, 539 (W.D.N.Y. 2018) (quotation omitted). When assessing a motion for sanctions pursuant to Rule 11 against a *pro se* litigant, "courts generally apply a more lenient standard than would be applicable where a party is represented by learned counsel." *Id.* (quotation omitted). "Ultimately, the decision to impose Rule 11 sanctions rests in the sound discretion of the court, and should be imposed with caution." *Id.* (quotation and internal quotation marks omitted).

In this case, there is no indication that Plaintiff acted in bad faith or that Plaintiff relied on a direct falsehood. To the extent Defendants are arguing that Plaintiff's claim is utterly lacking in support, the Court rejects this argument. It appears that Plaintiff simply misunderstood the applicable law and the role of this Court in enforcing the applicable law. The Court does not believe that such a misunderstanding is sanctionable conduct, especially in light of the leniency afforded *pro se* litigants. Consequently, Defendants' cross-motion for fees and costs is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (ECF No. 5) is GRANTED, and Plaintiff's motion to amend her complaint (ECF No. 12) is GRANTED as to her claims under 42 U.S.C. § 1983. All other motions (ECF Nos. 13, 14, 16, 20, 27) are DENIED. Plaintiff may file an amended complaint by **November 17, 2025.** Any amended complaint **must include all allegations against each Defendant so that the amended complaint stands alone as the only complaint that Defendants must answer in this action**. Additionally, in any amended complaint, Plaintiff must identify the constitutional amendment that she alleges Defendants violated as to each claim.

If after **November 17, 2025,** Plaintiff does not file an amended complaint, the complaint will be dismissed with prejudice as to both Defendants, and the Clerk of Court shall enter judgment and close this case without further order of the Court.

IT IS SO ORDERED.

Dated: October 15, 2025
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York